IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**MARIO G. BERNADEL**                                                                                        **PETITIONER**
Reg #85253-008

VS.                             CASE NO.: 2:16-CV-97-BSM-BD

**C.V. RIVERA, Warden,**
Federal Correctional Complex,
Forrest City, Arkansas                                                                                       **RESPONDENT**

## RECOMMENDED DISPOSITION

**I**.    **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to Chief Judge Brian S. Miller.  Mr. Bernadel may file written objections with the Clerk of Court within fourteen (14) days of filing this Recommendation.  Objections must be specific and must include the factual or legal basis for the objection.  An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

By not objecting, any right to appeal questions of fact may be waived.  And, if no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record.

**II.**    **Background**

Petitioner Mario G. Bernadel has filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 and has paid the filing fee.  (Docket entries #1, #3)  Mr. Bernadel

is in the custody of the Bureau of Prisons ("BOP") at the Federal Correctional Institution in Forrest City, Arkansas ("FCI-FC").

In his petition, Mr. Bernadel complains that BOP officials at FCI-FC are guilty of "theft of private and legal property," and have failed to return his property. He claims that he is entitled to a "Default Judgment" because he "noticed the parties" by way of the claim for damage he filed with the South Central Regional Office of the BOP, which was assigned claim number TRT-SCR-2016-02829 ("Property Claim"). (#1 at 4)

Along with his petition, Mr. Bernadel has filed multiple proposed judgments, which the Court has characterized as a motion for judgment (#2). In the judgments, Mr. Bernadel claims he is entitled $31,000,000 from the BOP and $15,000,000 from other individuals named in the petition.

Mr. Bernadel attached his Property Claim, dated February 22, 2016, to his petition. In the Property Claim, Mr. Bernadel complains that on August 7, 2015, FCC-FC officers took 3 duffle bags of his legal documents. He further alleges that the bags have not been returned "causing 2 missed deadlines in the US Supreme Court and other District Court[s]." (#1 at 24-25) Mr. Bernadel seeks $31,000,000 in damages for the loss of his property and violation of "the Constitutional guarantees of liberty interest." (#1 at 24-25)

Mr. Bernadel also attaches several other documents to his petition, including a "DEMAND FOR SETTLEMENT IN SUPPORT OF TORT CLAIM," a "NOTICE OF FAULT WITH OPPORTUNITY TO CURE AND CONTEST ACCEPTANCE," a "3

DAY NOTICE TO CURE AND CONTEST ACCEPTANCE," and a "PRIVATE INTERNATIONAL ADMINISTRATIVE NOTICE OF DEFAULT."  (#1 at 21-22, 26, 28-36)  Mr. Benadel asserts that, because the BOP has not yet responded to his Property Claim, it has admitted his version of the facts and he is entitled to a judgment.  (#1 at 4-5)

Regional counsel for the BOP responded to the Property Claim with a letter dated March 10, 2016, informing Mr. Bernadel that he could expect a response to his Property Claim on or before September 6, 2016.[1]  (#1 at p. 18)

### III.   Discussion

A federal habeas corpus petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground."  See Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts; *Mayle v. Felix*, 545 U.S. 644, 655, 125 S.Ct. 2562, 2570 (2005).  "If 'it plainly appears from the petition [and any attached exhibits] . . . that the petitioner is not entitled to relief in the district court,' the court must summarily dismiss the petition without ordering a responsive pleading." *Mayle v. Felix*, 545 U.S. at 656 (quoting Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts).  Rules 2 and 4 of the Rules Governing Section 2254 Cases are applicable to § 2241 petitions through Rule 1(b).  *Antonelli v. Sanders*, No. 2:05cv00314, 2006 WL 897665, *2 (E.D. Ark. 2006) (citations omitted).

---

[1] An agency has six months in which to make a final disposition of an administrative claim brought under the FTCA.  28 C.F.R. § 14.2.

A writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus is the appropriate remedy when a claim "goes directly to the constitutionality of physical confinement or the shortening of its duration." *Id*. at 489.

Here, Mr. Bernadel does not argue that he is being held in custody illegally or that his sentence is not being properly calculated. Instead, he challenges the BOP's handling of his personal property. In the petition, Mr. Bernadel calls the claim he has presented to the BOP a "tort claim." Tort claims against the United States are barred by sovereign immunity, except to the extent the Government has waived immunity under the Federal Tort Claims Act ("FTCA"). A plaintiff is bound by the FTCA's procedural requirements, however, which require that claims first be presented to the appropriate federal agency, in this case the BOP, and denied prior to the filing of a lawsuit. *McCoy v. U.S.*, 264 F.3d 792, 794 (8th Cir. 2001). Accordingly, Mr. Bernadel's petition should be dismissed because he does not allege that he is in custody in violation of the United States Constitution or laws or treaties of the United States – a requirement for habeas corpus relief. 28 U.S.C. § 2241(c)(3). Additionally, it appears that he has not exhausted his administrative remedies in order to pursue a claim under the FTCA.

To the extent Mr. Bernadel seeks to challenge his conditions of his confinement, he must do so in a civil rights action brought under *Bivens v. Six Unknown Named Agents*

*of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971).[2]  A *Bivens* action is also subject to the exhaustion provision set forth at 42 U.S.C. § 1997e(a), which requires dismissal of any action filed prior to exhaustion of administrative remedies.  See *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983 (2002).

### IV.    Conclusion

The Court recommends that Mario G. Bernadel's petition for writ of habeas corpus (#1) be dismissed, without prejudice, for lack of jurisdiction, and that his motions for judgment (#2) be denied as moot.  See Rule 4 of the Rules Governing Section 2254 Cases.

DATED this 10th day of August, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] FTCA and *Bivens* actions are subject to the Prison Litigation Reform Act and require plaintiffs to pay a $400 filing fee (or $350, if proceeding *in forma pauperis*).